## UNITED STATES v. STORY et al.
### Civ. Nos. 7, 8, 10–12.

District Court, M. D. Tennessee, Nashville Division.

July 10, 1940.

**572**

Horace Frierson, Jr., U. S. Atty., of Nashville, Tenn., J. H. Reddy and Robert Kaplan, Attys., Department of Justice, both of Washington, D. C., and A. O. Denning, Asst. U. S. Atty., of Nashville, Tenn., for plaintiff.

Bass, Berry & Sims, of Nashville, Tenn., for defendant American Nat. Bank.

Robert L. McReynolds, of Clarksville, Tenn., for defendant Northern Bank of Tennessee.

Stout & Porter, of Clarksville, Tenn., for First Trust & Savings Bank of Clarksville.

Price, Barksdale & Price, of Nashville, Tenn., for defendant H. G. Hill Co.

### Finding of Facts

DARR, District Judge.

There was no controversy as to the facts in these cases.

The court adopts the stipulation of facts as the finding of facts.

In addition, the court finds as a fact that the government agency that pays pension checks uses no care in examining endorsements. There is no direct proof as to the examination of the endorsements in these particular cases. The proof shows that the pension checks issued to the pensioner before her death were all endorsed by her by mark, but after her death the endorsements were not by mark, except the first check.

### Conclusions of Law

■ (1) Subsequent endorsers, where the prior endorsement is forged on a pension check, are liable to the government. United States v. National Exchange Bank of Providence, 214 U.S. 302, 29 S.Ct. 665, 53 L.Ed. 1006, 16 Ann.Cas. 1184.

(2) The instruments involved in these suits are commercial papers and it makes no difference whether they be considered checks or notes. United States v. National Exchange Bank of Providence; supra.

■ (3) The fact that the postmaster was prohibited by law from delivering the check if the pensioner was dead is no defense in cases of this kind.

(a) The court thinks this directed conduct of the postmaster is a governmental function for the protection of the government. No right of a third person would set up by reason of this provision of the law. Cf. United States v. National Exchange Bank of Providence, 214 U.S. 302–318; 29 S.Ct. 665, 53 L.Ed. 1006, 16 Ann.Cas. 1184.

■ (b) If the defendants were entitled to the benefit of this provision of law, or if the postmaster was guilty of common law negligence, it is the judgment of the court that such negligence was not the proximate cause of the payment of the money on the instruments involved. There was an independent, intervening cause, to wit, the criminal act of forgery. State v. Broadway National Bank, 153 Tenn. 113, 282 S.W. 194.

■ (4) The fact that the endorsements were not examined by the government agents, even though the signature

of the payee was known to the agents, or could have been known by the exercise of care, does not preclude a recovery because the rule of law providing that in such cases there is a bar to recover on certain classes of commercial paper does not apply to the United States in regard to pension checks. United States v. National Exchange Bank of Providence, supra.

■ (5) The opinion of the court is that under the authorities above cited the defendants are liable to the plaintiff for the amount sued for, except there will be no interest; and the several endorsers are liable to each other in the order of the endorsements. .

Order accordingly.